**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Matthew Silvanus Egler,<br><br>               Defendant. | No.  CR-21-00374-01-PHX-SPL<br><br>**ORDER** |

       Defendant Matthew Elger has attempted to remove his state criminal case to this Court. (Doc. 1). Defendant states the state criminal proceeding "involve[es] the president's daughter" and that "[a] traffic case involving an assassination plot has also been reopened." (Doc. 1 at 1, 2). Defendant argues that "with the 'secret service' listed on [his] booking detail report," this case is "obviously a federal case." (Doc. 1 at 1).

       Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings." *Gedo v. Idaho*, No. CV 09–00166–E–BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). A state prosecution may be removed to federal court under the narrow circumstances set forth in 28 U.S.C. §§ 1442–43. Under 28 U.S.C. § 1455(a), any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status.

      However, when a state-court criminal proceeding is removed to federal court, the

notice of removal must include all grounds for such removal. § 1455(a), (b)(2). Pursuant to 28 U.S.C. § 1446, the federal court must examine the defendant's removal papers "to determine whether removal is appropriate, and the court has the authority to remand a case, *sua sponte*, for lack of subject matter jurisdiction." *Id.* (citing 28 U.S.C. § 1446(c)(4)).

Here, although Defendant's Notice of Removal alleges Defendant is "a sitting, in office politician," (Doc. 1 at 1), it provides no support for this conclusory allegation, nor does it allege that the state prosecution arose from acts done under color of such office or status. Accordingly, Defendant has not established that this Court has subject matter jurisdiction over his state criminal case. *See, e.g.*, *Arizona v. Simington*, No. CV 13-382 TUC DCB, 2013 WL 6823278, at *3 (D. Ariz. Dec. 24, 2013) (recommending remand because "other than asserting that he was on active duty at the time of the incident, Simington does not assert that the prosecution was based on actions by him 'under color of his office or status'").

Moreover, Defendant may not cure this deficiency by filing a second notice of removal stating additional grounds justifying removal. "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." § 1455(b)(2); *see also, e.g.*, *Washington v. Barela*, No. CV-13-3035-EFS, 2013 WL 1431655, at *2 (E.D. Wash. Apr. 9, 2013). Accordingly,

**IT IS ORDERED** that the Clerk of Court shall remand this case to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Documents (Doc. 2) and Motion to Compel (Doc. 3) are **denied as moot**.

Dated this 21st day of May, 2021.

Honorable Steven P. Logan
United States District Judge

2